IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201<br><br>    Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL & DEMOLITION SERVICES, INC.,<br>1415 Bush Street<br>Baltimore, Maryland 21230<br><br>    Defendant. | Case No.<br><br>**COMPLAINT**<br>**AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Party Rosy Gutierrez, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7-13, below, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that the Defendant Environmental & Demolition Services, Inc. has engaged in sexual and retaliatory harassment and sex and retaliatory discrimination.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and

(3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Environmental & Demolition Services, Inc., a Maryland corporation, has continuously been doing business in the State of Maryland and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Rosy Gutierrez filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 2005, Defendant has engaged in unlawful employment practices at its Maryland facilities and work sites in violation of Sections 703(a)(1), 703(a)(2) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-2(a)(2), and 2000e-3(a).

8. Beginning on or about July 2005 and persisting until on or about March 22, 2006, Defendant, acting through its supervisor Mario Bol, subjected Charging Party Rosy Gutierrez to a continuing course of unwelcome and offensive harassment because of her sex, female, and in retaliation for reporting and resisting sexual and retaliatory harassment and retaliatory adverse actions in violation of Title VII.

9. Supervisor Mario Bol's sexual and retaliatory harassment of Charging Party Rosy Gutierrez included, but is not limited to, making repeated requests for a sexual relationship; leveling threats of retaliation for any refusal to engage in a sexual relationship; making promises of favorable treatment in an attempt to induce such a relationship; making sexist comments about the role of women; altering Ms. Gutierrez's job duties because she resisted his sexual advances by making her perform far more physically demanding and dangerous tasks; yelling at her; humiliating her in front of her co-workers by falsely accusing her of soiling a restroom facility with fecal matter and then ordering her to clean it; engaging in physically threatening and injurious conduct, i.e., deliberately causing a wooden board to strike her ankle and then laughing at her; wrongfully withholding her paycheck; making derogatory comments about her such as calling her an "old whore" and telling others he did not want to work around her; angrily shunning her, sending her away from the work site and causing her to be sent away from the work site on several occasions; threatening to have her fired; and other unlawful harassment. In addition, during her employment Charging Party was subjected to a sexist comment about the non-desirability of hiring women by Defendant's owner and President Alonso Bernate.

10. The aforementioned sexual and retaliatory harassment created a hostile work environment on the basis of sex and retaliation and culminated in tangible employment

3

actions including adverse alteration of work duties, denial of scheduled hours of work with resulting loss of pay, and discharge. Defendant had actual and constructive notice of the unlawful harassment and failed to take reasonable corrective action or action reasonably calculated to prevent the harassment.

11. On or about August 2005, Defendant altered Charging Party Rosy Gutierrez's work duties by making them more physically demanding and dangerous because of her sex, female, and/or retaliation in violation of Title VII.

12. On several occasions during February and March 2006, Defendant denied Charging Party Rosy Gutierrez opportunities to perform hours of work, resulting in loss of pay, because of her sex, female, and/or retaliation in violation of Title VII.

13. On or about March 22, 2006, Defendant discharged Charging Party Rosy Gutierrez because of her sex, female, and/or retaliation in violation of Title VII.

14. The effect of the practices complained of in paragraphs 7-13, above, has been to deprive Charging Party Rosy Gutierrez of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and retaliation.

15. The unlawful employment practices complained of in paragraphs 7-13 above, were intentional.

16. The unlawful employment practices complained of in paragraphs 7-13, above, were done with malice or with reckless indifference to the federally protected rights of Charging Party Rosy Gutierrez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors,

4

assigns, and all persons in active concert or participation with it, from engaging in sex and retaliatory discrimination, including sexual and retaliatory harassment, alteration of work duties, denial of hours of work, discharge, and any other employment practice which discriminates on the basis of sex or retaliation.

    B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female persons and persons who engage in conduct protected under Section 704(a) of Title VII, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant to formulate, disseminate and implement reasonable and effective anti-discrimination and anti-harassment policies, including but not limited to policies defining and prohibiting discrimination and harassment because of sex and retaliation, and to train its employees regarding such policies and procedures.

    D.    Order Defendant to formulate, disseminate and implement reasonable and effective complaint procedures that encourage employees to report potential violations of Title VII and its court-ordered policies against discrimination and harassment, and to train its employees regarding such procedures.

    E.    Order Defendant to formulate, disseminate and implement a training program that shall (i) ensure that personnel responsible for receiving and taking appropriate action in response to complaints/reports of harassment and discrimination are competent to perform those functions; and (ii) promote supervisor accountability by imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies prohibiting discrimination and harassment and require all managers and supervisors to report any incidents and/or complaints of potential

5

harassment and/or retaliation of which they become aware to the personnel responsible for receiving and taking appropriate action in response to such complaints/reports.

  F. Order Defendant to make whole Charging Party Rosy Gutierrez by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay in lieu thereof.

  G. Order Defendant to make whole Charging Party Rosy Gutierrez by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-13, above, in amounts to be determined at trial.

  H. Order Defendant to make whole Charging Party Rosy Gutierrez by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-13, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

  I. Order Defendant to pay Charging Party Rosy Gutierrez punitive damages for the malicious and reckless conduct described in paragraphs 7-13, above, in amounts to be determined at trial.

  J. Grant such further relief as the Court deems necessary and proper in the public interest.

  K. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                    Respectfully submitted,

                    EQUAL EMPLOYMENT OPPORTUNITY
                    COMMISSION

                    RONALD S. COOPER
                    General Counsel

                    JAMES L. LEE
                    Deputy General Counsel

                    GWENDOLYN YOUNG REAMS
                    Associate General Counsel

                    _/s/_____
                    JACQUELINE H. MCNAIR
                    Regional Attorney
                    EEOC-Philadelphia District Office
                    (including Baltimore Field Office)
                    City Crescent Building, 3rd Floor
                    10 S. Howard St.
                    Baltimore, MD 21201
                    Office #: (215) 440-2666
                    Facsimile #: (215) 440-2600

                    _/s/_____
                    DEBRA M. LAWRENCE (Bar No. 04312)
                    Supervisory Trial Attorney
                    EEOC-Baltimore Field Office
                    City Crescent Building, 3rd Floor
                    10 South Howard Street
                    Baltimore, Maryland 21201
                    Telephone number: (410) 209-2734
                    Facsimile number: (410) 962-4270

*[signature]*
_____
RONALD L. PHILLIPS
Senior Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
Office #: (410) 209-2737
Facsimile #: (410) 962-4270

8